IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| **T.A.S., a minor, by and through his parent, Connie Townsend,** | |
| **Plaintiff**, | **CIVIL ACTION NO.): 1:21-CV-130 (JUDGE KEELEY)** |
| v. | |
| **GILMER COUNTY SCHOOL BOARD OF EDUCATION; PATRICIA LOWTHER, in her individual capacity and in her official capacity as Superintendent of Gilmer County Schools; and DOUG COTTRILL, DAVID RAMEZAN, TAMMY HUFFMAN, BRIAN KENNEDY, and THOMAS MINNEY, in their individual capacities and in their capacities as members of the Gilmer County Schools Board of Education,** | |
| **Defendants**. | |

## MEMORANDUM OPINION AND ORDER
## DIRECTING PLAINTIFF TO RETAIN LEGAL COUNSEL

This matter has been referred to the undersigned Magistrate Judge pursuant to an Order entered by the presiding District Judge, Hon. Irene M. Keeley, dated October 4, 2021. [ECF No. 6].

Plaintiff, a minor, brought this action by and through his parent, Connie Townsend. However, as a party, Plaintiff is not represented by legal counsel. Rather, Plaintiff's parent, who

1

is not an attorney[1], intends to proceed *pro se* on Plaintiff's behalf. However, in such a context, the Fourth Circuit has held that parents who are not attorneys may not litigate such claims.

> We therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court. See Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir.2002); Navin v. Park Ridge Sch. Dist., 270 F.3d 1147, 1149 (7th Cir.2001); Devine v. Indian River County Sch. Bd., 121 F.3d 576, 581 (11th Cir.1997); Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir.1997); Osei–Afriyie v. Med. Coll., 937 F.2d 876, 882–83 (3d Cir.1991); Cheung, 906 F.2d at 61; Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir.1986).

Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005). See also M.D. v. Sch. Bd. of City of Richmond, 560 F. App'x 199, 202 (4th Cir. 2014) ("To ensure minors' rights are vigorously and competently protected, we have squarely held that non-attorney parents are barred from representing their children in federal court.")

Therefore, Plaintiff must retain legal counsel who is a properly licensed attorney, admitted to practice before this Court, who enters an appearance on Plaintiff's behalf. Plaintiff's failure to do so may result in dismissal of this matter without prejudice. Plaintiff's failure to comply with this Order will result in the undersigned recommending to the presiding District Judge that Plaintiff's claims be dismissed and the matter stricken from the Court's docket. Accordingly, it is hereby **ORDERED** that Plaintiff's legal counsel must enter an appearance in this matter within thirty (30) days of Plaintiff's receipt of this Order.

It is all so **ORDERED**.

The Clerk is directed to send a copy of this Order to all *pro se* parties by certified mail, return receipt requested, to their last known addresses as shown on the docket, and to counsel of record by electronic means.

---

[1] A search of the West Virginia State Bar directory and a search of the list of attorneys admitted and qualified to practice in this Court did not reveal Plaintiff's parent here to be an attorney, let alone an attorney permitted to appear in this Court.

**DATED**: October 4, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE