**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

| | |
|---|---|
| **T.A.S., a minor, by and through his parent, Connie Townsend,** | |
| **Plaintiff**, | |
| **v.** | **CIVIL ACTION NO.): 1:21-CV-130 (JUDGE KEELEY)** |
| **GILMER COUNTY SCHOOL BOARD OF EDUCATION; PATRICIA LOWTHER, in her individual capacity and in her official capacity as Superintendent of Gilmer County Schools; and DOUG COTTRILL, DAVID RAMEZAN, TAMMY HUFFMAN, BRIAN KENNEDY, and THOMAS MINNEY, in their individual capacities and in their capacities as members of the Gilmer County Schools Board of Education,** | |
| **Defendants**. | |

## REPORT AND RECOMMENDATION RECOMMENDING THAT PLAINTIFF'S ACTION BE DISMISSED WITHOUT PREJUDICE, AND THAT DEFENDANTS' MOTION TO DISMISS [ECF NO. 17] BE DENIED AS MOOT

This matter is before the undersigned Magistrate Judge pursuant to a referral order [ECF No. 6] entered by Honorable United States District Judge Irene M. Keeley on October 4, 2021. The issue before the Court is whether the Plaintiff, a minor, may maintain this action via representation by a non-attorney parent.

### I. BRIEF PROCEDURAL BACKGROUND

In this matter, Plaintiff seeks to challenge the face covering mandate implemented by his local board of education. The face covering mandate appears to be designed to curb the spread of COVID-19, an infectious disease which has given rise to a global pandemic. By Memorandum

Opinion and Order [ECF No. 7] dated October 4, 2021, the undersigned directed Plaintiff to retain proper legal counsel and have such counsel enter an appearance herein within 30 days of receipt of the Memorandum Opinion and Order. Otherwise, the undersigned cautioned Plaintiff, the undersigned would recommend dismissal of the action. The docket reflects that Plaintiff received the Memorandum Opinion and Order by certified mail, return receipt requested, on October 12, 2021. [ECF No. 15]. However, with 30 days having passed, nothing on the docket shows that Plaintiff has retained counsel; indeed, no counsel has entered a notice of appearance on Plaintiff's behalf. In fact, rather than retain counsel as directed, Plaintiff's parent doubled down on her insistence that she be able to represent Plaintiff here, having filed a Response to the Memorandum Opinion and Order [ECF No. 20] on October 29, 2021 to this effect.

## II. ISSUES AND ANALSYIS

Plaintiff, a minor, brought this action by and through his parent, Connie Townsend. However, as a party, Plaintiff is not represented by legal counsel. Rather, Plaintiff's parent, who is not an attorney[1], intends to proceed *pro se* on Plaintiff's behalf. However, in such a context, the Fourth Circuit squarely has held that parents who are not attorneys may not litigate such claims.

> We therefore join the vast majority of our sister circuits in holding that non-attorney parents generally may not litigate the claims of their minor children in federal court. See Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir.2002); Navin v. Park Ridge Sch. Dist., 270 F.3d 1147, 1149 (7th Cir.2001); Devine v. Indian River County Sch. Bd., 121 F.3d 576, 581 (11th Cir.1997); Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir.1997); Osei–Afriyie v. Med. Coll., 937 F.2d 876, 882–83 (3d Cir.1991); Cheung, 906 F.2d at 61; Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir.1986).

Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005). See also M.D. v. Sch. Bd. of City of Richmond, 560 F. App'x 199, 202 (4th Cir. 2014) ("To ensure minors' rights are vigorously

---

[1] As noted in the undersigned's Memorandum Opinion and Order [ECF No. 7], a search of the West Virginia State Bar directory and a search of the list of attorneys admitted and qualified to practice in this Court did not reveal Plaintiff's parent here to be an attorney, let alone an attorney permitted to appear in this Court.

and competently protected, we have squarely held that non-attorney parents are barred from representing their children in federal court.") The policy here, as articulated by the Fourth Circuit and other courts, is that a court has a special duty to assure that a minor's rights are closely protected. While courts have held that adults, in general, may litigate for themselves, this does not create a corresponding right to represent others. See Myers, 418 F.3d at 400.  Courts often will allow a competent adult to litigate their own claims, but will not allow the risk that arises when a layperson seeks to litigate another's claims. Id. Such an approach gives the represented person at least a minimum level of protection, as well as encourages meritorious claims and pleadings. Id.

In the Response [ECF No. 20], Plaintiff's parent argues that the posture of this case is analogous to that of a Social Security benefits claim, such that she should be permitted to proceed with representation of Plaintiff. Plaintiff's parent points to caselaw allowing non-attorney parents to litigate claims in that context. However, as to those claims, courts have articulated how allowing non-attorney parents to proceed is a very narrow exception to the general prohibition on non-attorney parents acting as counsel. Id. at n. 7. In the Social Security benefits scheme, courts have explained, parents themselves have a notable financial interest in the outcome of a benefits claim. In other words, in those situations, parents may be litigating for their own benefit as much as for their children's. See generally Machadio v. Apfel, 276 F.3d 103, 106-107 (2nd Cir. 2002). What is more, as an administrative matter, the Social Security benefits regulatory scheme does not always require that a claimant be represented by an attorney – reflecting that such cases may not be as complicated or nuanced as other matters which a non-attorney parent may seek to litigate. Id. Thus, a non-attorney parent's representation in that context is easily distinguishable from the claims which Plaintiff's parent seeks to litigate here.

## III. RECOMMENDATION AND CONCLUSION

Thus, based on the foregoing, the undersigned **RECOMMENDS** that the matter be dismissed without prejudice that the matter be stricken from the active docket of this Court.

On a related note, the undersigned **RECOMMENDS** that Defendants' pending Motion to Dismiss, filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, be **DISMISSED as moot**. Certainly, under usual procedure, Defendants would be expected to lodge such a motion in the fashion and timeframe in which they did. However, given that the merits of the matter have not been litigated, it is premature to address Defendants' motion on its legal merits.[2]  Thus, the undersigned would recommend that Defendants' motion be dismissed not on its merits, but for the procedural reason that Plaintiff was not permitted to litigate this matter represented by a non-attorney.

Any party have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of**

---

[2] The undersigned recognizes that Defendants' motion is based, in part, on the impermissibility of Plaintiff here to be represented by a non-attorney parent – the same issue which of course is the subject of this Report and Recommendation.

**appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Court directs the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**:  November 17, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE