IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

T.A.S., a minor, by
and through his parent
Connie Townsend

        Plaintiff,

v.        //   CIVIL ACTION NO. 1:21CV130
        (Judge Keeley)

GILMER COUNTY SCHOOL BOARD
OF EDUCATION, PATRICIA LOWTHER,
DOUG COTRILL, DAVID RAMEZAN,
TAMMY HUFFMAN, BRIAN KENNEDY,
and THOMAS MINNEY

        Defendants.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21], DENYING AS MOOT DEFENDANTS' MOTION TO DIMISS COMPLAINT [DKT. NO. 17], AND DISMISSING CASE WITHOUT PREJUDICE**

On September 23, 2021, the pro se plaintiff, T.A.S., a minor, by and through his parent, Connie Townsend ("Townsend"), commenced this civil action against the Gilmer County Board of Education and several of its employees in their individual and official capacities (collectively, "the Defendants") (Dkt. No. 1). The Court provided T.A.S. with a Notice of General Guidelines for Appearing Pro Se in Federal Court (Dkt. No. 4) and, pursuant to L.R. Civ. P. 7.02(c) and 72.01 and 28 U.S.C. 636(b)(1)(A) and 636(b)(1)(B), referred this case to United States Magistrate Judge Michael J. Aloi for initial screening and a report and recommendation ("R&R") (Dkt. No. 6).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21], DENYING AS MOOT DEFENDANTS' MOTION TO DIMISS COMPLAINT [DKT. NO. 17], AND DISMISSING CASE WITHOUT PREJUDICE**

On October 4, 2021, Magistrate Judge Aloi entered a Memorandum Opinion and Order directing T.A.S. to retain legal counsel (Dkt. No. 7). As this Order explains, T.A.S. is a minor child whose non-attorney parent, Townsend, intends to proceed pro se on T.A.S.'s behalf. Id. at 1–2. In the Fourth Circuit, however, a non-attorney parent may not represent their children in federal court. Id. at 2 (citing Myers v. Loudoun Cty. Pub. Sch., 418 F.3d 395, 401 (4th Cir. 2005) and M.D. v. Sch. Bd. Of City of Richmond, 560 F. App'x 199, 202 (4th Cir. 2014)). Magistrate Judge Aloi accordingly directed T.A.S. to retain legal counsel and ordered that his new legal counsel, if any, notice their appearance in this case within thirty (30) days (Dkt. No. 7 at 2).

On October 14, 2021, the Defendants moved to dismiss T.A.S.'s complaint for lack of standing and for failure to state a claim upon which relief may be granted (Dkt. No. 17). The same day, without retaining legal counsel as directed, T.A.S. filed a motion to amend his complaint (Dkt. No. 16). For the reasons he had previously articulated, Magistrate Judge Aloi denied T.A.S.'s motion (Dkt. No. 18).

On October 29, 2021, Townsend responded to Magistrate Judge Aloi's Order directing T.A.S. to retain legal counsel, asserting that she was permitted to represent her child in this case under

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21], DENYING AS MOOT DEFENDANTS' MOTION TO DIMISS COMPLAINT [DKT. NO. 17], AND DISMISSING CASE WITHOUT PREJUDICE**

the exception that allows non-attorney parents to represent their children in social security benefits cases (Dkt. No. 20).

On November 17, 2021, Magistrate Judge Aloi entered an R&R, recommending that the Court dismiss T.A.S.'s complaint without prejudice because no counsel had appeared on his behalf and because Townsend cannot represent him (Dkt. No. 21 at 2-3). In reaching this conclusion, he found the instant case "easily distinguishable" from the child disability cases that create a very narrow exception to the general prohibition on non-attorney parents acting as counsel upon which Townsend relies. Specifically, he noted that in the social security benefits scheme claimants are not always required to be represented by an attorney and parents have a notable financial interest in the outcome of their child's benefits claim but that neither condition exists here. Id. at 3. Magistrate Judge Aloi then recommended that the Court deny as the Defendants' motion to dismiss "not on its merits, but for the procedural reason that [T.A.S.] was not permitted to litigate this matter represented by a non-party." Id. at 4. Finally, Magistrate Judge Aloi specifically warned T.A.S. and Townsend that failing to object to the recommendation would result in the waiver of their right to appeal the ruling. Id. at 4-5.

**T.A.S. V. GILMER COUNTY BOE ET AL.** 1:21CV130

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21], DENYING AS MOOT DEFENDANTS' MOTION TO DIMISS COMPLAINT [DKT. NO. 17], AND DISMISSING CASE WITHOUT PREJUDICE**

According to a return receipt filed with the Court, the R&R was received at T.A.S.'s address on November 22, 2021 (Dkt. No. 22). To date, he has not filed objections to the R&R.[1]

Following a careful review of the record, and finding no clear error, the Court **ADOPTS** the R&R in its entirety (Dkt. No. 21), **DENIES AS MOOT** the Defendants' motion to dismiss as moot (Dkt. No. 17), and **DISMISSES** the case without prejudice.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit a copy of this order to the pro se plaintiff by certified mail, return receipt requested, and to counsel of record by electronic means, and to remove this case from the Court's active docket.

Dated: December 10, 2021

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the R&R waives the appellate rights and also relieves the Court of any obligation to conduct a de novo review of the issues presented. See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).